## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **SANTIAGO ABREAU**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 8287 |
| | ) | |
| **THE LODGE TAVERN, INC.**, d/b/a | ) | |
| **THE LODGE**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

The Lodge Tavern, Inc., d/b/a The Lodge[1] has just filed two motions -- a Motion for

Extension of Time In Which To Answer or Otherwise Plead and a Motion to Consolidate -- and

has noticed them up for presentment on November 16. No doubt The Lodge's counsel selected

that date because this Court's customary scheduling order had set 9 a.m. that day for the initial

status hearing in the case -- but counsel's selection violates this District Court's LR 5.3(b), which

calls for a presentment date no more than 14 days after delivery of the motion to this Court (a

delivery that took place on October 27).

That truly procedural (and really harmless) violation, however, is only one of the

problems with the motions. Because counsel's request for an extension of time to November 21

to answer to otherwise plead appears to be reasonably supported, this memorandum order grants

that motion and goes on to address another and more troubling aspect of the matter.

---

[1] For convenience this memorandum order will refer to defendant by that d/b/a
designation.

It is clear from both the Complaint in this action and this District Court's docket litigation that plaintiff Santiago Abreau ("Abreau") is on a one-man campaign to correct what he views as a widespread noncompliance on the part of a number of eating establishments in this area with various requirements of Title III of the Americans with Disabilities Act ("ADA"). In his various complaints Abreau identifies himself as a Florida resident living in Palm Beach County (Complaint ¶ 3), but he acknowledges that his several lawsuits stem from his activities as a "tester" -- each Complaint ¶ 8 confirms that and describes the procedures that he follows in seeking to identify and then police the claimed ADA violations.

As chance would have it, despite the long statistical odds against such multiple assignments to a single judge, the random case assignment system in effect in this District Court has delivered not only this case but also two other Abreau actions to this Court's calendar -- Case No. 15 C 8452 against Butch McGuire's, Inc. and Case No. 15 C 8456 against Take-Out, Inc., d/b/a Mario's Table -- even though a current search of the "Abreau" name turned up just two other cases that he has brought, Case No. 15 C 8284 assigned to this Court's colleague Honorable John Lee and Case No. 15 C 8453 assigned to this Court's colleague Honorable James Zagel. Counsel's current Motion To Consolidate seeks to package this case with Judge Lee's, for The Lodge's defense counsel also represents the defendant in that case (She-Nannigan's Green Street Inc., d/b/a She-Nannigan's House of Beers).

Although it may well be true, as the Motion To Consolidate asserts, that the case against She-Nannigan's and this action have a number of things in common, "consolidation" is a term of art under Fed. R. Civ. P. 42(a) -- and most importantly in that respect, a single trial of Judge Lee's case and this one is unlikely to be feasible. Accordingly, between now and the scheduled November 16 presentment date this Court anticipates consulting with Judge Lee as to the

possible adoption of appropriate procedures that might facilitate both economies of handling for

the litigants and judicial economy, rather than calling for a formal consolidation of the two cases.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 28, 2015